# 95 DTA 210

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE CAROLINA

SUCESION RAMON RODRIGUEZ EMA
Peticionaria-Apelante

v.

ENRIQUE ACOSTA & ROBERTO ACOSTA
EL FENIX DE PUERTO RICO
Recurrida-Apelada

Núm. KLAN-95-00092

San Juan, Puerto Rico, a 30 de junio de 1995

Panel integrado por su presidenta, Juez Rivera de Martínez
y los Jueces Martínez Torres y Cabán Castro

Cabán Castro, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Se recurre ante nos, de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina. ▮ Se nos solicita que revoquemos la referida sentencia, en la cual se confirmó un laudo de arbitraje emitido el 20 de septiembre de 1993. Alegan los peticionarios que erró el Tribunal de Primera Instancia al aplicar la norma de deferencia hacia el laudo de arbitraje por ser éste uno claramente erróneo que promueve el fracaso de la justicia. No tiene razón la parte peticionaria.

Primeramente debemos analizar si existe un contrato o cláusula de sumisión válida, ya que es dicho convenio de sumisión el que le confiere la facultad decisional al árbitro y delimita su esfera de acción. La Ley dispone en su parte pertinente lo siguiente:

*"Dos o más personas podrán convenir por escrito en someter a arbitraje, de conformidad con las disposiciones de este Capítulo, cualquier controversia que pudiera ser objeto de una acción existente entre ellos a la fecha del convenio de someter a arbitraje; o podrán incluir en un convenio por escrito una disposición para el arreglo mediante arbitraje de cualquier controversia que en el futuro surgiere entre ellos de dicho acuerdo o en relación con el mismo. Tal convenio será válido, exigible e irrevocable salvo por los fundamentos que existieran en derecho para la revocación de cualquier convenio."* 32 LPRA 3201 (1990) Art. I.

El Artículo 10.8 de las Condiciones Generales del Contrato de Construcción entre la Sucesión de Ramón Rodríguez Ema (peticionarios-propietarios) y los Arquitectos Enrique y Roberto Acosta (contratistas) constituye la cláusula de sumisión de arbitraje. Esta cláusula dispone:

*"All claims or disputes between the Contractor and the Owners arising out or relating to the Contract, or the breach thereof, **shall be decided by arbitration** in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise and subject to an initial presentation of the claim or dispute to the Architect as required under Paragraph 10.5. Notice of the demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen."* (subrayado nuestro)

En la anterior disposición contractual, se establece que cualquier reclamación o disputa entre el dueño y los contratistas que surja o se relacione con el contrato de construcción será decidida mediante arbitraje. Esto está acorde a lo dispuesto en el artículo 1 de la Ley de Arbitraje, *supra*, por lo que la relación entre las partes tiene que regirse por estas disposiciones, además de las Reglas de la Asociación Americana de Arbitraje para la Industria de la Construcción.

Surge de los autos, que ambas partes se sometieron voluntariamente al proceso de arbitraje por lo que este convenio es uno válido, exigible e irrevocable salvo por los fundamentos que existieran en derecho que revocarían cualquier convenio.

Este artículo del contrato posteriormente dispone que: *"...The award rendered by the arbitrator or arbitrators **shall be final,** and judgment may be entered upon it in accordance with aplicable law in any court having of [sic] jurisdiction thereof..."*

Esta cláusula establece que el laudo emitido por el árbitro será final, y aún más importante que el mismo será conforme a derecho.

Si la cláusula o contrato de sumisión disponen, como en el presente caso, que el arbitraje será resuelto con arreglo a derecho, el tribunal tiene la facultad para revisar los méritos jurídicos del mismo. *Universidad Católica de Puerto Rico v. Triangle Engineering Corp., et al,* opinión del 18 de mayo de 1994, **94 JTS 72**; *Rivera v. Samaritano & Co. Inc.,* 108 DPR 604 (1979). En cuanto a los méritos jurídicos del laudo, un tribunal no debe inclinarse fácilmente a decretar su nulidad a menos que no haya sido resuelta la controversia con arreglo a derecho. *Rivera v. Samaritano & Co., Inc. supra.* Por haberse acordado entre las partes que el laudo de arbitraje sea conforme a derecho, un tribunal puede revisar los méritos jurídicos de éste. El Artículo 22 de la Ley de Arbitraje establece específicamente cuáles son los

casos en que un tribunal podrá dictar una orden para revocar un laudo de arbitraje. Las causas de revocación son las siguientes:

*"(a) Cuando se obtuvo mediante corrupción, fraude u otro medio indebido.*

*(b) Cuando hubo parcialidad o corrupción evidente de los árbitros o cualquiera de ellos.*

*(c) Cuando los árbitros actuaren erróneamente al rehusar posponer la vista luego de mostrarse causa justificada para ello, o al rehusar oír evidencia pertinente y material a la controversia, o cuando incurriesen en cualquier error que perjudique los derechos de cualquiera de las partes.*

*(d) Cuando los árbitros se extendieren en sus funciones o cuando el laudo emitido no resolviera en forma final y definitiva la controversia sometida.*

*(e) Si no hubo sumisión o convenio de arbitraje válido y el procedimiento se inició sin diligenciar la notificación de intención de arbitrar o la moción para obligar el arbitraje, según se dispone en esta ley."*

Por otro lado, el Artículo 23 de la Ley de Arbitraje, *supra*, dispone que el Tribunal podrá dictar una orden modificando o corrigiendo un laudo en los siguientes casos:

*(a)"Cuando hubo evidente error de cálculo en cuanto a las cifras, o evidente error en la descripción de cualquier persona, cosa o propiedad.*

*(b) Cuando los árbitros hayan resuelto sobre materia no sometida a ellos.*

*(c) Cuando el laudo sea imperfecto en materia de forma, sin afectar los méritos de la controversia."*

Los peticionarios solicitan la revocación del laudo por alegadamente haber sido obtenido mediante corrupción, fraude u otro medio indebido: porque alegadamente hubo parcialidad o corrupción evidente y porque la árbitra se extendió en sus funciones.

Existe un interés del Estado en promover el arbitraje como método para solucionar disputas. Es al árbitro a quien corresponde solucionar disputas, determinar la existencia de controversias de hechos y adjudicar su materialidad. *Universidad Católica de Puerto Rico v. Triangle Engineering Corp., et al., supra.*

Al examinar las alegaciones de los peticionarios, surge que lo que se cuestiona es el proceso mediante el cual la árbitra adjudicó las controversias. Los peticionarios sostienen que la árbitra **adoptó hechos y conclusiones que no se ajustaron a la realidad de los hechos** y a la prueba documental y testifical aportada. Esto es un cuestionamiento de la apreciación de la prueba hecha por la árbitra. En el caso *Febus v. MARPE,* opinión de 25 de febrero de 1994, **94 JTS 19**, el Tribunal Supremo estableció que *"no se puede inquirir sobre el proceso deliberativo, mental y decisional del árbitro".* Existe deferencia judicial sobre la apreciación de la prueba realizada por el árbitro por lo que este Tribunal no entrará a reevaluar la apreciación de la prueba.

En cuanto a la alegación de que la árbitra **resolvió materia que no le fue sometida ésto** no se desprende del laudo de arbitraje, ni de la prueba sometida. Entendemos que la árbitra no se extendió en sus funciones, y actuó conforme a los poderes que le fueron delegados en el convenio de sumisión.

En lo referente al planteamiento de los peticionarios **sobre la posibilidad de que la árbitra incurriera en parcialidad al suscribir el proyecto sometido por la otra parte,** concluimos que no existe prueba en los autos para sostener tal alegación. El Tribunal Supremo de Puerto Rico ha manifestado que utilizar proyectos preparados por partes en un litigio como instrumento de ayuda en la confección de la sentencia no conlleva necesariamente la revocación del dictamen. *Báez García v. Cooper Labs., Inc.,* 120 DPR 145 (1987); *Arroyo v. Rattan Specialties, Inc.,* 117 DPR 35 (1986). Estos deben ser revisados por los magistrados y ser considerados instrumentos auxiliares. *Báez García v. Cooper Labs, Inc., supra.* El hecho de que la árbitra haya utilizado un proyecto de una parte como base para un laudo de arbitraje no es indicativo de que ésta haya actuado con parcialidad, además de que no se ha demostrado que ella no hubiera examinado el proyecto y hubiera adoptado como suyos los fundamentos y conclusiones del mismo.

Al haber sido acogido el recurso de apelación, como uno de *Certiorari*, hemos tenido el beneficio de analizar la posición de ambas partes.

Por lo antes expuesto, se expide el auto de *Certiorari*, y se confirma la sentencia recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 210

**1.** Por disposición expresa del Art. 28 de la Ley de Arbitraje, 32 LPRA Sec. 3228 (1990), en interacción con la Regla 18 (b) (2) (1) de nuestro Reglamento, de las órdenes y sentencias dictadas por el Tribunal Superior se podrá recurrir mediante el recurso de *Certiorari*, el cual se limitará a cuestiones de derecho. Por esta razón y porque los peticionarios cumplen con los requisitos establecidos en la Regla 18 del Reglamento del Tribunal de Circuito de Apelaciones, hemos determinado acoger este recurso como uno de *Certiorari*.

**2.** Ley Núm. 376 del 8 de mayo de 1951 32 L.P.R.A. § 3201 (1990).